24-688-cv
*Parker v. Israel Discount Bank of N.Y., Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>AMENDED SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand twenty-five.

PRESENT:
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

———————————————————————

MARIAN E. PARKER,

> *Plaintiff-Appellant*,

v.                                                      24-688-cv

ISRAEL DISCOUNT BANK OF NEW YORK, INC.,

> *Defendant-Appellee*.

———————————————————————

FOR PLAINTIFF-APPELLANT:                    Stephen Bergstein, Bergstein & Ullrich, LLP, New Paltz, NY.

FOR DEFENDANT-APPELLEE:                    Keith A. Markel, Alana R. Mildner Smolow & Kayla N. West, Morrison Cohen LLP, New York, NY.

Appeal from a February 6, 2024 judgment of the United States District Court for the Southern District of New York (Valerie E. Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED**.[1]

Plaintiff-Appellant Marian E. Parker ("Parker") challenges the district court's grant of summary judgment in favor of Parker's former employer, Defendant-Appellee Israel Discount Bank of New York, Inc. ("IDB"). Parker, a technology risk specialist, brought disability discrimination, retaliation, and failure to accommodate claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-101 *et seq.*, alleging that IDB unlawfully terminated her employment during a three-month probationary

---

[1] This amended order supersedes in full the order entered by the panel on April 4, 2025. *See Parker v. Israel Disc. Bank of N.Y., Inc.*, No. 24-688-CV, 2025 WL 1014239 (2d Cir. Apr. 4, 2025).

period because of limitations arising from an injury she sustained to one of her fingers. On appeal, she challenges the district court's dismissal of her discrimination claims.[2] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

## DISCUSSION

We review *de novo* a district court's grant of summary judgment. *See Banks v. Gen. Motors, LLC*, 81 F.4th 242, 258 (2d Cir. 2023). On a motion for summary judgment, we "must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." *Cifra v. G.E. Co.*, 252 F.3d 205, 216 (2d Cir. 2001). Summary judgment is proper only if no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### I. ADA and NYSHRL Claims

Parker's ADA and NYSHRL discrimination claims are subject to the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See McMillan v. City of New York*, 711 F.3d 120, 125 (2d. Cir. 2013); *Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010) (per curiam). Under the *McDonnell Douglas* framework, the

---

[2] Parker does not appeal the district court's dismissal of her retaliation and reasonable accommodation claims. Rather, she characterizes IDB's termination of her employment as discriminatory "because she had sustained a medical disability and would require reasonable accommodations." Appellant Br. 14.

plaintiff must first "establish a *prima facie* case of discrimination." *Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 71 (2d Cir. 2019). The burden then shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for their conduct. *McDonnell Douglas*, 411 U.S. at 802. At the third step, the burden shifts back to the plaintiff to show that "the proffered legitimate reason [is] merely a pretext for discrimination." *Ferraro v. Kellwood Co.*, 440 F.3d 96, 100 (2d Cir. 2006) (internal quotation marks omitted).

Assuming, without deciding, that Parker's injury satisfies the *prima facie* requirement for her ADA and NYSHRL discrimination claims, we conclude that she fails to carry her burden at the third step of the *McDonnell Douglas* framework, which requires her to demonstrate that IDB's reasons for terminating her were pretextual. Pretext "may be demonstrated either by the presentation of additional evidence showing that the employer's proffered explanation is unworthy of credence, or by reliance on the evidence comprising the prima facie case." *Sista v. CDC Ixis N.A., Inc.*, 445 F.3d 161, 173 (2d Cir. 2006) (internal quotation marks omitted). Here, the record undisputedly shows (1) that Parker was terminated within the 90-day probationary period at IDB; (2) that Parker had a deadline of January 23, 2019 to submit to her supervisor the Information Security Work Plan ("Work Plan"), a document cataloguing IDB's information-security-related action items, and, despite her supervisor's multiple requests, she failed to submit the Work Plan

4

until February 1, 2019; and (3) that her supervisor identified numerous substantive errors in the Work Plan.

Parker does not "point to evidence . . . sufficient to permit a rational factfinder to conclude" that IDB's legitimate reasons for terminating her were pretextual. *Treglia v. Town of Manlius*, 313 F.3d 713, 721 (2d Cir. 2002) (internal quotation marks omitted). Parker's only evidence of pretext is (1) the supposed flexibility of the Work Plan deadline; (2) that while preparing Parker's termination letter, Parker's supervisor, Sheikh, forwarded to Human Resources an email from Parker in which she referenced her inability to take notes at a meeting due to her injury; and (3) Parker's perception that Sheikh was "angry" when she told him about her injury.

The record does not support Parker's claim that the Work Plan deadline was "flexible." Employee depositions make clear that Work Plan deadlines were internally respected and, if Work Plans were not finalized by their deadlines, that was often due to circumstances outside the drafting employee's hands, such as waiting to receive reports from other IDB teams. Nor does Sheikh's forwarding to Human Resources her January 29, 2019 email, which referenced her inability to take notes at the January 22 meeting, while preparing her termination letter show pretext. On January 28, the day before Sheikh received her January 29 email, he asked Parker to submit her Work Plan, then five days overdue, and Parker did not submit it. Also on January 28, Sheikh drafted a

5

termination memorandum for Human Resources' use. On January 29, Sheikh sent Human Resources his draft memorandum recommending Parker's termination after the probationary period, and during that day worked with Human Resources on revisions to the memo. On the same day, Parker sent Sheikh the relevant email, addressing him in an unmistakably obstinate and uncooperative manner—and referencing her finger injury—and Sheikh forwarded the email to Human Resources. Sheikh did not further revise his termination memorandum until January 31, after he again asked Parker for the Work Plan, and Parker failed to submit it. Only then did Sheikh recommend to Human Resources that she immediately be terminated. Because that sequence of events establishes that Sheikh already planned to terminate Parker primarily due to her failure to complete her assigned tasks, including the Work Plan, that Sheikh forwarded Parker's January 29 email to Human Resources does not support a finding that IDB's reasons for terminating her were pretextual under the ADA and NYSHRL. Finally, Parker cannot meet her burden of showing pretext under the *McDonnell Douglas* framework by relying on a self-serving averment that her supervisor was "angry" with her request to attend occupational therapy appointments for her injury. *See Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995) ("[M]ere conclusory allegations or denials . . . are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist." (internal quotation marks omitted)).

Because Parker failed to show that IDB's reasons for terminating her were pretextual, the district court properly dismissed her ADA and NYSHRL claims.

**II.     NYCHRL Claim**

We analyze NYCHRL claims "separately and independently from any federal and state law claims" because the NYCHRL sets a lower bar for actionable claims. *Mihalik v. Credit Agricole Cheuvreux N.A., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013); *see also Cadet-Legros v. N.Y. Univ. Hosp. Ctr.*, 21 N.Y.S.3d 221, 226 (1st Dep't 2015) (explaining that "the uniquely broad and remedial purposes of the City HRL . . . differs significantly from federal civil rights law"). Under the NYCHRL, at summary judgment, the "defendant bears the burden of showing that, based on the evidence before the court and drawing all reasonable inferences in plaintiff's favor, no jury could find defendant liable under any of the evidentiary routes: under the *McDonnell Douglas* test, or as one of a number of mixed motives, by direct or circumstantial evidence." *Bennett v. Health Mgmt. Sys., Inc.*, 936 N.Y.S.2d 112, 121 (1st Dep't 2011). A plaintiff can defeat summary judgment merely by "produc[ing] some evidence to suggest that *at least one reason* is false, misleading, or incomplete." *Cadet-Legros*, 21 N.Y.S.3d at 226 (internal quotation marks omitted).

The record contains sufficient evidence for a jury to conclude that Parker had a qualifying disability under the NYCHRL. *See* N.Y. City Admin. Code § 8-102. And Parker's proffered evidence of her supervisor's email to Human Resources and his

response to her request to attend occupational therapy appointments for her injury narrowly suffices under the more lenient NYCHRL standard to create a triable issue as to whether IDB's reasons for terminating her were "incomplete" and whether discrimination was "one of a number of mixed motives" for her termination. *Bennett*, 936 N.Y.S.2d at 121.

We therefore conclude that the district court erred in granting summary judgment as to Parker's NYCHRL discrimination claim.

\*     \*     \*

For the foregoing reasons, we **AFFIRM** the judgment of the district court insofar as it dismissed the ADA and NYSHRL claims.  We **VACATE** the portion of the judgment that dismissed the NYCHRL claim and **REMAND** that claim to the district court, which may decide whether to exercise supplemental jurisdiction over the claim pursuant to 28 U.S.C. § 1367(c).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court